UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEITH JUDD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:13-cv-351-TWP-TAB |
| | ) | |
| OBAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Order Dismissing Action**

**I.**

The grant of the plaintiff's request to proceed *in forma pauperis* is rescinded because the plaintiff was ineligible for that status.

The plaintiff's request to proceed *in forma pauperis* [Dkt 3] is **denied.** The reason for this ruling is that he is not eligible for that status, as explained below:

> Plaintiff has had at least three non-habeas civil actions or appeals previously dismissed as frivolous or for failing to state a claim upon which relief may be granted. He has been denied *in forma pauperis* status in numerous federal district courts, circuit courts, and the United States Supreme Court. *See e.g., Judd v. United States Dist. Ct. For W. Dist. Of Tex.,* 528 U.S. 5, 5 (1999) (finding that Judd had filed twelve petitions for certiorari which were denied as frivolous and that "Judd had abused this Court's certiorari and extraordinary writ processes."); *Judd v. Barrack Obama, et al.,* No. 08–CV–0093 (E.D.Tex Feb 25, 2010) (dismissed as frivolous); *Judd v. U.S. District Court,* Appeal No. 98–51119 (5th Cir. April 16, 1999) (appeal dismissed as frivolous); *Judd v. Lappin,* No. 04–5337, 2004 WL 3019537 (D.C.Cir. Dec. 30, 2004) (per curiam) (unreported) (finding that Judd had incurred three strikes); *Judd v. University of New Mexico,* 204 F.3d 1041, 1044 (10th Cir. 2000) ("Mr. Judd is enjoined from proceeding as an appellant or petitioner without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed pro se."); *Judd v. Fergeson,* 239 F.Supp.2d 442, 443 (D.N.J. 2002) (noting the multitude of federal cases Judd has filed that have been dismissed as frivolous.).

*Judd v. Obama*, 2013 WL 5724045, *2 (N.D.W.Va. Oct. 21, 2013). Sadly for the federal judiciary, many comparable chronicles can be found in the reported cases. *See, e.g., Judd v. Fox,* 289 Fed. Appx. 795–96 (5th Cir. 2008); *In re Judd,* 240 Fed. Appx. 981, 982 (3rd Cir. 2007); *Judd v. United States,* 2006 WL 1565084, at *1 (C.A.D.C. 2006); *Judd v. University of New Mexico,* 204 F.3d 1041 (10th Cir. 2000); *Judd v. Furgeson*, 2012 WL 5451273 (D.N.J. Nov. 5, 2012); *Judd v. United States,* 2010 WL 1904869 (D.Mass. 2010); *Judd v. State Bd. of Elections of Maryland,* 2011 WL 2413513 (D. Md. June 10, 2011).

Judd's amended complaint fails to survive the screening required by 28 U.S.C. § 1915A(b) because it is frivolous, beyond curative amendment. *Grinols v. Electoral College*, 2013 WL 2294885 (E.D.Cal. May 23, 2013). Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: __11/22/2013__

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Keith Judd
#11593-051
Texarkana FCI
P.O. Box 7000
Texarkana, TX 75505